**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **LOWE ELECTRIC SUPPLY COMPANY and EDWARD SPELL,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. _____** |
| **REXEL, INC., f/k/a Summers Group, Inc. and REXEL HOLDINGS USA CORP.,** | |
| **Defendants.** | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COME NOW Lowe Electric Supply Company and Edward Spell ("Plaintiffs"), by and through their attorneys, and file this Verified Complaint against Rexel, Inc., f/k/a Summers Group, Inc. and Rexel Holdings USA Corp. (collectively, "Defendants") and show the following:

**PARTIES**

**1.**

Lowe Electric Supply Company ("Lowe Electric") is a Georgia domestic for-profit corporation that maintains its principal place of business in Macon, Georgia, at 1525 Forsyth Street, which is in the Middle District of Georgia, Macon Division.  Lowe Electric is an electrical wholesale distributor, servicing the Southeast, including Georgia and Florida.

**2.**

At all relevant times, Edward Spell ("Spell") has been a citizen of the United States and a full-time resident of Georgia and has carried on the majority of his employment and work in the Middle District of Georgia.

**3.**

Upon information and belief, Rexel, Inc. changed its name from Summers Group, Inc., d/b/a Rexel, effective on or about January 9, 2014.  Both Rexel, Inc., f/k/a Summers Group, Inc. ("Rexel, Inc.") and Rexel Holdings USA Corp. ("Rexel Holdings") are Delaware corporations which maintain their principal places of business in Texas. Accordingly, both Rexel, Inc. and Rexel Holdings are citizens of Delaware and Texas.

## JURISDICTION

**4.**

At all times relevant to this action, Defendants regularly and continuously transacted business in the State of Georgia, employed individuals in the State of Georgia, maintained a registered agent for service of process in the State of Georgia, and had sufficient contacts in the Middle District of Georgia to subject them to personal jurisdiction in this district.  Both Defendants may be served with the Summons and Complaint by personal service on their registered agents in Georgia, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

**5.**

This Court has jurisdiction over this matter in accordance with the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and 28 U.S.C. § 1332, this being a controversy between citizens of different states, thereby establishing complete diversity

of citizenship of the parties, and having an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

**6.**

There is an actual and definite controversy between Plaintiffs and Defendants as to their respective rights in connection with obligations Defendants assert Plaintiffs owe Defendants pursuant to certain restrictive covenants contained in an Employment Agreement executed between Spell and Defendants on January 12, 2011 (a true and correct copy of which is attached hereto as Exhibit "1"), which obligations Plaintiffs contend are not enforceable and do not exist.

**7.**

This Court has jurisdiction and the power to declare the rights and other legal relations of Plaintiffs, who are seeking declaratory relief.

**<u>VENUE</u>**

**8.**

Venue is proper under 28 U.S.C. § 1391 and pursuant to Rule 3.4 of the Local Rules of the Middle District of Georgia.  A substantial portion of the events giving rise to Plaintiffs' claims occurred in the Middle District of Georgia, Plaintiffs reside in the Middle District of Georgia, Lowe Electric resides particularly in the Macon Division, and Defendants are subject to personal jurisdiction in this judicial district.

## FACTS

**9.**

Upon information and belief, Defendants are global distributors of electrical services and supplies.  Part of Defendants' business is conducted in the Southeastern part of the United States, including Georgia and Florida.

**10.**

On or around May 2003, Spell began employment with Defendants.  Spell's position was Outside Sales.  Spell verbally resigned employment with Defendants on September 11, 2014, which was also Spell's last day of work for Defendants.

**11.**

Spell will begin working for Lowe Electric on November 3, 2014.  Spell performed no work for Lowe Electric prior to Spell's resignation from Defendants.

**12.**

Throughout his employment with Defendants, Spell called on existing customers and developed new customers in specific geographic areas, including the restricted geographic areas described on page 2 of the Agreement (Ex. "1;" *see* ¶ 14 below), for the distribution of commercial and some residential electrical supplies and services. Throughout most of Spell's employment with Defendants, Defendants compensated Spell on a commission basis until the last few months of his employment with Defendants when Defendants compensated Spell with a straight salary.

**13.**

On January 12, 2011, while still employed by Defendants, Spell signed a letter agreement dated January 3, 2011, that was presented to him by Defendants that contained

4

restrictive employment covenants ("Agreement").  (*See* Exhibit "1").  Spell and his then-supervisor, Matt Henderson, executed the Agreement at Spell's home in Georgia.

**14.**

On page 2 of 4 of the Agreement, it states:

<u>Non-Competition and Other Restrictive Covenants:</u>  … [Y]ou agree that during your Company employment and for the twelve (12) month period thereafter, within a radius of one hundred (100) miles from the Company branches in Thomasville, Florida [sic], Tallahassee, Florida, and Valdosta, Georgia (the "Designated Area"), and so long as the Company carries on a like business in the Designated Area, you shall not:

(i)     own any interest in, manage, or serve as an employee of or consultant, business advisor or independent contractor, including in any sales or marketing role, for any individual, corporation, partnership, association, joint venture or other entity which is engaged in a business in competition (i.e. electrical distribution and wholesale and related business activities, a "Competitor") with the Company in the Designated Area; provided that your ownership of up to two percent (2%) of the shares of stock or other securities of a Competitor whose shares or securities are traded on a public exchange shall not violate the terms of this provision;

(ii)    solicit business in competition with the Company in the Designated Area from any customer that has done business with the Company during or within one year prior to the termination of your Company employment;

(iii)   request, induce or attempt to influence any supplier of goods or services to the Company to curtail or cancel any business that any such supplier transacts with the Company; and

(iv)    request, induce or attempt to influence any employee of the Company or any other Company affiliate to terminate his or her employment with the Company or any Company affiliate, or attempt to dissuade  any  then  current  employee  of  the

5

Company or any Company affiliate from continuing employment with the Company or any Company affiliate.

**15.**

While employed by Defendants, Spell earned more than $75,000.00 in annual compensation from Defendants and sold more than $75,000.00 worth of supplies and services annually for Defendants.  As a result of his employment with Lowe Electric, Spell will earn more than $75,000.00 in annual compensation from Lowe Electric.

**16.**

Lowe Electric is engaged in the business of wholesale distribution of electrical services and supplies in some of the same areas as Defendants, specifically including the restricted geographic areas defined in the Agreement, and, therefore, is a competitor of Defendants (*see* Agreement, Exhibit "1," page 2, "i.e. electrical distribution and wholesale and related business activities, a "Competitor"").  Therefore, by virtue of Lowe Electric being a competitor of Defendants in the "Designated Area" as defined in the Agreement, Spell's mere employment with Lowe Electric in any capacity violates the Agreement, if such Agreement were enforceable under Georgia law.  (*See* Exhibit "1," page 2 of 4, "shall not… serve as an employee of… **any… corporation… which is engaged in a business in competition… with the [Defendants] in the Designated Area**…".)

**17.**

As alleged above, Lowe Electric has hired Spell, and Spell will commence employment with Lowe Electric on November 3, 2014, with management and substantially the same salesman duties for which he performed for Defendants within the

6

restricted geographic areas defined in the Agreement.  Lowe Electric and Spell, as an employee of Lowe Electric, will be involved in the wholesale distribution of electrical services and supplies in the restricted geographic areas as described in the Agreement.  In the course of his employment with Lowe Electric, Spell will solicit, or attempt to solicit, current or former customers of Defendants to purchase electrical services and supplies that Defendants either sold or provided to its customers.

**18.**

Plaintiffs will hire or solicit the employment of current or former employees of Defendants or Defendants' affiliates.

**19.**

Plaintiffs aver, upon information and belief, that Defendants will proceed, prior to the commencement of Spell's employment with Lowe Electric, to enforce the restrictive covenants contained in the Agreement against Plaintiffs since Spell's employment with, and any activities on behalf of, Lowe Electric would violate one or more of the restrictive covenants if such covenants were enforceable under Georgia law and since Defendants' Southeastern Division's Human Resources Director Amy Boutwell told Spell on September 11, 2014, the day Spell resigned employment with Defendants, that Defendants would enforce the restrictive covenants contained in the Agreement.

**20.**

Plaintiffs believe that Defendants will take legal action against Plaintiffs to prevent Spell from working for Lowe Electric, to prevent Lowe Electric from employing Spell, to seek damages from Spell for allegedly breaching the non-competition clause in the Agreement, and to seek damages from Lowe Electric for allegedly interfering with

the unenforceable restrictive covenants contained in the Agreement since Spell's employment with, and any activities on behalf of, Lowe Electric violates one or more of the restrictive covenants, if such covenants were enforceable under Georgia law, and since Defendants' Southeastern Division's Human Resources Director Amy Boutwell told Spell on September 11, 2014, the day Spell resigned employment with Defendants, that Defendants would enforce the restrictive covenants contained in the Agreement.

## COUNT ONE
## REQUEST FOR DECLARATORY JUDGMENT REGARDING THE NON-COMPETITION, NON-SOLICITATION, AND NON-RECRUITMENT CLAUSES IN THE AGREEMENT

### 21.

Plaintiffs hereby reassert and re-allege Paragraphs 1 through 20 as if set forth fully herein.

### 22.

Plaintiffs believe that Defendants will take legal action against Plaintiffs to prevent Spell from working for Lowe Electric, to prevent Lowe Electric from employing Spell, to seek damages from Spell for allegedly breaching the non-competition clause in the Agreement, and to seek damages from Lowe Electric for allegedly interfering with the unenforceable restrictive covenants contained in the Agreement since Spell's employment with, and any activities on behalf of, Lowe Electric violates one or more of the restrictive covenants if such covenants were enforceable under Georgia law and since Defendants' Southeastern Division's Human Resources Director Amy Boutwell told Spell on September 11, 2014, the day Spell resigned employment with Defendants, that Defendants would enforce the restrictive covenants contained in the Agreement.  These facts reveal the practical likelihood that the contingencies will occur, such that there is an

8

actual and real controversy between the parties that is not speculative.  The controversies and issues involved touch the legal relations of the parties having adverse legal interests.

**23.**

Because of the restrictive covenants contained in the Agreement Spell signed in January 2011 with Defendants and Defendants' representation that the covenants would be enforced, Plaintiffs are uncertain of their legal rights, obligations, and statuses, and Plaintiffs desire an early adjudication of those rights.  Because Spell has committed to commence employment with Lowe Electric on November 3, 2014 and, if the restrictive covenants in the Agreement were enforceable under Georgia law, Spell's employment with, and activities on behalf of, Lowe Electric would violate one or more of the restrictive covenants in the Agreement, Plaintiffs desire an immediate adjudication of their legal rights and obligations regarding the restrictive covenants in the Agreement so that they can proceed with their intended employment relationship or, if necessary, make alternative arrangements.  Plaintiffs do not want to wait until Defendants sue them, and Plaintiffs do not want to act at their peril in the interim.

**24.**

Until Plaintiffs' rights are clarified, Plaintiffs will remain uncertain about the scope of the activities Spell is permitted to perform for Lowe Electric and whether Spell can even remain an employee of Lowe Electric.  Thus, until these uncertainties are resolved, Lowe Electric and Spell will be hindered in their ability to continue their employment relationship with one another, to conduct business within the restricted geographic areas, and to conduct business with customers with whom Spell has established substantial relationships.

**25.**

The Agreement states, "The laws of the State of Florida shall govern any questions regarding the interpretation or enforcement of this agreement, without giving effect to the provisions thereof pertaining to conflict of laws."  (*See* Exhibit "1," page 3 of 4).

**26.**

Florida law would enforce the restrictive covenants in the Agreement at issue, which Plaintiffs contend are unenforceable pursuant to Georgia law and public policy. Moreover, Florida law allows any unenforceable provisions in an employment agreement to be "blue penciled" or modified so as to be enforceable.

**27.**

Because the Agreement was executed prior to May 11, 2011, "old" Georgia law[1] applies in determining the enforceability of the restrictive covenants in the Agreement. "Old" Georgia law applies strict scrutiny to restrictive covenants in employment contracts.  "Old" Georgia law does not allow portions of an employment agreement to be "blue penciled" or modified in order to be enforceable.  Therefore, under "old" Georgia law, the unenforceable restrictive covenants in the Agreement cannot be salvaged by blue-penciling, or modifying, its unenforceable provisions.

**28.**

Under "old" Georgia law, the Florida choice of law provision in the Agreement is ineffective because the restrictive covenants violate Georgia law and Georgia public policy.  Further, "old" Georgia law applies to the restrictive covenants in the Agreement

---

[1] "Old" Georgia law is defined as Georgia law regarding restrictive covenants in employment agreements before May 11, 2011, which was before House Bill 30 was signed into law on May 11, 2011.  *See Becham v. Synthes*, 482 Fed. Appx. 387 (11th Cir. 2012).

because Spell is domiciled in Georgia, Spell executed the Agreement in Georgia, most of Spell's work for Defendants was performed in Georgia, most of Spell's work for Lowe Electric will be in Georgia, and Spell would feel the effects of the enforcement of the restrictive covenants in the Agreement in Georgia.

**29.**

Under "old" Georgia law, the non-competition clause contained in the Agreement is unenforceable as a matter of law because the non-competition clause is overbroad as it restricts Spell from working in any capacity for a competitor that is engaged in a similar business as Defendants in the restricted geographic areas defined in the Agreement and, therefore, purports to prohibit Spell from engaging in activities beyond the services he performed for Defendants.  For example, the non-competition clause prevents Spell from working as a janitor for Lowe Electric because Lowe Electric is a competitor of Defendants in the restricted geographic areas defined in the Agreement as the "Designated Area."  (Exhibit "1," page 2 of 4, section (i) in Paragraph 14 above).

**30.**

The non-competition clause in the Agreement that restricts Spell from working for Lowe Electric or any similar company that competes with Defendants in the "Designated Area," if construed pursuant to Florida law, is enforceable.  Because the application of Florida law to the non-competition clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**31.**

Under "old" Georgia law, the non-competition clause contained in the Agreement is also unenforceable as a matter of law because the non-competition clause restricts

Spell from owning any interest in or managing any individual, corporation, partnership, association, joint venture or other entity which is engaged in a business in competition with Defendants in the "Designated Area" as defined in the Agreement.

**32.**

The non-competition clause that restricts Spell from owning any interest in or managing any individual, corporation, partnership, association, joint venture or other entity which is engaged in a business in competition with Defendants in the "Designated Area" as defined in the Agreement, if construed pursuant to Florida law, is enforceable. Because the application of Florida law to the non-competition clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**33.**

Because the non-competition clause in the Agreement is unenforceable pursuant to "old" Georgia law and cannot be modified to make it enforceable, the non-solicitation clause likewise is unenforceable as a matter of law.  Further, because the non-solicitation clause in the Agreement is unenforceable pursuant to "old" Georgia law as and cannot be modified to make it enforceable as averred below, the non-competition clause likewise is unenforceable as a matter of law for this additional reason.

**34.**

The non-solicitation clause in the Agreement is additionally unenforceable pursuant to "old" Georgia law to the extent that the non-solicitation clause restricts Spell from accepting unsolicited business from any customer that has done business with Defendants the last year of Spell's employment with Defendants.  Even if the non-solicitation clause does not restrict Spell from accepting unsolicited business from any

12

customer that has done business with Defendants the last year of Spell's employment, under "old" Georgia law, the non-solicitation clause in the Agreement is unenforceable as a matter of law because the acceptance of unsolicited business would be a violation of the non-competition clause, which is unenforceable pursuant to "old" Georgia law.

**35.**

To the extent the non-solicitation clause restricts Spell from accepting unsolicited business from any customer that has done business with Defendants the last year of Spell's employment with Defendants, Florida law would enforce this provision.  Because the application of Florida law to the non-solicitation clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**36.**

The non-solicitation clause in the Agreement is unenforceable pursuant to "old" Georgia law because it restricts Spell from accepting unsolicited business from any customer that has done business with Defendants the last year of Spell's employment in the Designated Area, and not just those customers with whom Spell had a business relationship or material contact during his employment with Defendants.

**37.**

The non-solicitation clause that restricts Spell from accepting unsolicited business from any customer that has done business with Defendants the last year of Spell's employment in the Designated Area, and not just those customers with whom Spell had a business relationship or material contract during his employment with Defendants, if construed pursuant to Florida law, is enforceable.  Because the application of Florida law

to the non-solicitation clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**38.**

The non-solicitation clause in the Agreement is unenforceable pursuant to "old" Georgia law because it restricts Spell from soliciting business from customers that might have severed their relationship with Defendants.

**39.**

The non-solicitation clause that restricts Spell from soliciting business from customers that might have severed their relationship with Defendants, if construed pursuant to Florida law, is enforceable.  Because the application of Florida law to the non-solicitation clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**40.**

Under "old" Georgia law, the non-recruitment clause in the Agreement, which does not have a territorial restriction and, therefore, applies to any employee of Defendants in the world, is unenforceable as a matter of law.

**41.**

The non-recruitment clause, which does not contain a territorial restriction and, therefore, applies to any employee of Defendants in the world, if construed pursuant to Florida law, is enforceable.  Because the application of Florida law to the non-recruitment clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

14

**42.**

Under "old" Georgia law, the non-recruitment clause in the Agreement is additionally unenforceable as a matter of law because it is overbroad as it applies to all employees of Defendants and all employees of any affiliates of Defendants.

**43.**

The non-recruitment clause, which is overbroad as it applies to all employees of Defendants and all employees of any affiliates of Defendants, if construed pursuant to Florida law, is enforceable.   Because the application of Florida law to the non-recruitment clause violates Georgia public policy, "old" Georgia law, and not Florida law, applies.

**44.**

For these reasons, Plaintiffs seek a declaratory judgment from this Court holding that the application of Florida law would violate Georgia's public policy as it existed at the time the Agreement was entered, which was prior to May 11, 2011, and that the non-competition, non-solicitation, and non-recruitment covenants in the Agreement are unenforceable as a matter of law.

**45.**

Plaintiffs also seek a declaratory judgment from this Court holding that, because the restrictive covenants are unenforceable pursuant to Georgia law, Lowe Electric cannot be liable for any alleged interference with the restrictive covenants in the Agreement.

**46.**

Plaintiffs and Defendants have significant contacts with Georgia, insomuch as Lowe Electric resides in Georgia and conducts business in Georgia, Spell is a resident of Georgia and the majority of his work for Defendants was performed in Georgia, and Defendants hired employees in Georgia and conducted business in Georgia.

**47.**

The facts set forth throughout this Verified Complaint show a substantial, justiciable, actual, and imminent controversy exists between Plaintiffs and Defendants and that the issues need to be resolved by declaratory relief.

**48.**

Plaintiffs and Defendants are interested parties in this matter as they have substantial legal interests and rights at issue and are uncertain of the legal obligations between Spell and Defendants.

**49.**

Plaintiffs are currently insecure and uncertain as to their legal rights, interests, statuses, obligations, and legal relations because of the existence of the restrictive covenants contained in the Agreement and because of Defendants' Southeastern Division's Human Resources Director Amy Boutwell telling Spell the day he resigned employment with Defendants that Defendants would enforce the restrictive covenants in the Agreement.  As a result, Plaintiffs desire an early adjudication of their rights so that Spell will not be hindered in his ability to perform his duties for Lowe Electric with certainty and to earn a living, and so that Lowe Electric will not be hindered in its ability to employ Spell and to compete in its industry.

**50.**

A definite, concrete, and actual controversy exists between Plaintiffs and Defendants that touches on their legal relationship.

## COUNT TWO
## INJUNCTIVE RELIEF

**51.**

Plaintiffs hereby reassert and re-allege Paragraphs 1 through 50 above as if set forth fully herein.

**52.**

The restrictive covenants contained in the Agreement will unduly interfere with and hinder Spell's ability to perform his job with Lowe Electric and earn a living.  The restrictive covenants contained in the Agreement will also unduly interfere with and hinder Lowe Electric's ability to employ Spell and to use Spell to conduct business within the restricted geographic areas defined in the Agreement as the "Designated Area," and with customers with whom Spell has established relationships.  Further, the restrictive covenants contained in the Agreement would also impose an undue hardship on Spell because it would deprive him of his livelihood in an industry in which he has spent more than 30 years developing contacts and relationships, including established customers located in the restricted geographic areas, at least 75% of which Spell brought with him as an already-established customer base when Spell began employment with Defendants eleven years ago, and Spell intends to continue those business relationships as an employee of Lowe Electric.

**53.**

Plaintiffs aver, upon information, belief, and the facts alleged in this Verified Complaint, that unless Defendants are enjoined and restrained, Defendants will seek to enforce the restrictive covenants contained in the Agreement against Plaintiffs, which necessarily will determine Spell's ability to work for Lowe Electric and Lowe Electric's ability to employ Spell in the Designated Area as defined in the Agreement, in which Spell previously performed a significant majority of his work for Defendants.

**54.**

Defendants' conduct in seeking to enforce the Agreement will violate "old" Georgia law because, as set forth above, the covenants contained in the pre-May 11, 2011 Agreement are unenforceable as a matter of law.

**55.**

In order to protect Plaintiffs from multiplicity of lawsuits being filed in other states and/or federal courts, and to protect Plaintiffs from further irreparable harm, Defendants should be enjoined and restrained from instituting and/or prosecuting any action in any state and/or other federal court against Plaintiffs relating to the restrictive covenants contained in the Agreement and/or from any undertaking any attempts to enforce the invalid restrictive covenants.

**56.**

Additionally, in order to protect Plaintiffs from multiplicity of lawsuits being filed in other states and/or federal courts, and to protect Plaintiffs from further irreparable harm, Defendants should be enjoined and restrained from instituting and/or prosecuting

any action in any state and/or other federal court against Plaintiffs based on Lowe Electric's employment of Spell.

**57.**

Enforcement of the Agreement will cause Plaintiffs irreparable and immediate injury, loss, and damage, for which they have no adequate remedy at law.

**58.**

Unless Defendants are enjoined and restrained, Defendants will seek to enforce the restrictive covenants contained in the Agreement and will seek to preclude Spell from working for Lowe Electric in any capacity pursuant to the non-competition clause in the Agreement, will seek to preclude Spell from soliciting customers pursuant to the non-solicitation clause in the Agreement, and will seek to preclude Spell from recruiting employees of Defendants pursuant to the non-recruitment clause in the Agreement.  This will necessarily undermine Spell's ability to perform his duties for Lowe Electric and to earn a living, and Lowe Electric's ability to employ Spell and to compete in its industry.

**59.**

A real and substantial controversy exists between Plaintiffs and Defendants that can be resolved by an order from the Court granting specific and conclusive relief based on these facts.

**60.**

Plaintiffs and Defendants have adverse positions with respect to their existing legal rights and obligations.

**61.**

Plaintiffs have acted immediately to obtain relief from this Court.

**62.**

Plaintiffs request that the Court preserve the status quo by entering a preliminary injunction to restrain and enjoin Defendants, during the pendency of this lawsuit, from:

a.      Seeking to enforce (whether through court action or otherwise) the restrictive covenants contained in the Agreement against Spell based on his employment by Lowe Electric;

b.      Instituting or prosecuting any action against Lowe Electric based upon its employment of Spell;

c.      Taking any other action to preclude Spell from engaging in the activities that the restrictive covenants contained in the Agreement purport to prohibit;

d.      Taking any other action to preclude Lowe Electric from employing Spell; and,

e.      Benefiting in any other fashion from the enforcement of the restrictive covenants contained in the Agreement against Spell.

**63.**

Plaintiffs further request that the Court enter a permanent injunction to restrain and enjoin Defendants from seeking to enforce the restrictive covenants contained in the Agreement and from instituting or prosecuting any action against Lowe Electric based upon its employment of Spell.

**WHEREFORE**, Plaintiffs pray that the Court:

1. Declare that the non-competition, non-solicitation, and non-recruitment clauses in the Agreement are unenforceable as a matter of law;

2.  Enter a preliminary injunction to restrain and enjoin Defendants, during the pendency of this lawsuit, from: (a) seeking to enforce (whether through Court action or otherwise) the restrictive covenants contained in the Agreement against Spell based on his employment by Lowe Electric; (b) instituting or prosecuting any action against Lowe Electric based upon its employment of Spell; (c) taking any other action to preclude Spell from engaging in the activities that the restrictive covenants in the Agreement purport to prohibit; (d) taking any other action to preclude Lowe Electric from employing Spell; and, (e) benefiting in any fashion from the enforcement of the restrictive covenants contained in the Agreement against Spell.

3.  Grant Plaintiffs the necessary and appropriate permanent injunctive relief to prevent Plaintiffs from being harmed by being subjected to invalid restrictive covenants and Defendants' attempts (a) to enforce the provisions of the unenforceable restrictive covenants contained in the Agreement; (b) to prevent Lowe Electric from employing Spell; and (c) to seek damages from Lowe Electric based upon its employment of Spell;

4.  Grant Plaintiffs the costs of this suit incurred herein; and

5.  Grant Plaintiffs such other and further relief as this Court may deem proper.

This 22nd day of September, 2014.

JONES, CORK & MILLER, LLP
P.O. Box 6437
Macon, GA 31208-6437
(478) 745-2821 (telephone)
(478) 743-9609 (facsimile)

_/s/ Callie D. Bryan_____
**CALLIE D. BRYAN**
State Bar No. 221194
callie.bryan@jonescork.com
_/s/ Robert C. Norman_____
**ROBERT C. NORMAN**
State Bar No. 545825
bob.norman@jonescork.com
**ATTORNEYS FOR PLAINTIFFS**

21