IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LOWE ELECTRIC SUPPLY       :
COMPANY and EDWARD SPELL,  :
                           :
      Plaintiffs,          :
                           :
v.                          :
                           :     No. 5:14-CV-335 (CAR)
REXEL, INC., f/k/a Summers    :
Group, Inc. and REXEL HOLDINGS  :
USA CORP.,              :
                           :
      Defendants.       :
_____ :

## ORDER ON MOTION TO CONSOLIDATE

Currently before the Court is Plaintiffs' Motion to Consolidate [Doc. 52] Case No. 5:14-cv-335 (hereinafter "the Georgia case") and Case No. 5:14-cv-396 (hereinafter "the Florida case"). Plaintiffs request that the Court consolidate these two cases and apply "old" Georgia law exclusively in both actions. The Defendants object to the application of "old" Georgia law in the Florida case. The Court, having considered the Motion, responsive briefs, and having conducted a hearing on the issue, concludes that the Motion to Consolidate should be **DENIED**.[1]

---

[1] Because the Court denies the Motion, it finds the identical motion in the Florida case [Doc. 31] **MOOT**.

1

## BACKGROUND

Both the Georgia case and the Florida case are before this Court on the issue of the enforceability of restrictive covenants in an ex-employee's contract.  In the Georgia case, Plaintiffs sought an injunction to prevent the enforcement of Defendants' restrictive covenants, arguing that the non-compete, non-solicitation, and non-recruit provisions were overbroad. On November 3, 2014, the Court granted Plaintiffs' motion for preliminary injunction ("Injunction"),[2] and enjoined Defendants "from enforcing the restrictive covenants in Georgia, including the non-compete, and non-solicitation provisions" that it found to be overly broad according to "old" Georgia law; the Defendants appealed. [3]

After the Court entered its Injunction, Judge Hinkle of the Northern District of Florida transferred the Florida case to this Court.  The Florida District Court found transfer was properly effectuated under the "First Filed Rule."[4]  With both cases pending before this Court, Plaintiffs now motion the court to consolidate.  Defendants oppose that Motion. For the reasons enumerated below, consolidation of the Georgia and Florida case is denied.

---

[2] The Court found that the non-recruit provision was enforceable against Plaintiffs. For a detailed recitation of the background of this case and the Court's complete analysis and findings, see the Court's November 3, 2014 Order ("Injunction"), [Doc 29].

[3] *See* [Doc. 29] at 29.

[4] *See* Order of Transfer in Case No 5:14-cv-396 [Doc. 14].

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)[5] confers upon district courts broad discretionary authority to order consolidation when separate lawsuits involve a common question of law or fact and are pending in the same court.[6]  "[I]n order to expedite the trial and eliminate unnecessary repetition and confusion," district judges are "urged to make good use of Rule 42(a) ... where there is involved a common question of fact and law…."[7] At the same time, however, "the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case."[8] To this effect, the district court is encouraged to weigh:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to

---

[5] FED. R. CIV. P. 42 (a) ("Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.")

[6] *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (observing a district court's "purely discretionary" authority under Fed. R. Civ. P. 42(a)); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (holding that district court's decision to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice").

[7] *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966) (The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.).

[8] *Id.* at 196.

conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. [9]

However, Rule 42 is permissive and just because cases involve a common question of fact or law, does not mean that consolidation is mandatory.[10]

## DISCUSSION

As grounds for their Motion to Consolidate, Plaintiffs assert that the Georgia and Florida cases "involve the same material facts, the same, parties, the same issues, [and] the same legal theories."[11]  It is true that these cases on the surface seem almost mirror images of each other; they involve the same material facts, the same parties, the same witnesses, the same attorneys, the same contract, and even the same issues.  However, there is one critical and substantive difference between the cases—they do not involve the same law.

The public policies driving "old" Georgia and Florida law on restrictive covenants in employment contracts are incongruous. To this effect, the Eleventh Circuit has made clear that although Georgia's "old" law should be upheld in Georgia where a

---

[9] *Hendrix*, 776 F.2d at 1495.

[10] *See Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995); *Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) ("A trial court *may* consolidate cases when actions involving a common question of law or fact are pending before the court") (emphasis added); *Walker v. H. Councill Trenholm State Technical Coll.*, 2007 WL 1140423, at *2 (M.D. Ala. 2007) (citing *Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) ("Although such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course")).

[11] [Doc. 53] at 2.

restrictive covenant is found to be overbroad, Georgia cannot extend the arms of its policy beyond its borders: "the public policy of Georgia is not that of everywhere."[12]

In *Keener v. Convergys*, the Eleventh Circuit held that the district court erred in penning an injunction on restrictive covenants that was "beyond a reasonable scope," in that the court "did not tailor the injunction to include Georgia only."[13]   The plaintiff in *Keener* was employed by an Ohio corporation, and signed a non-compete agreement in Ohio, but then subsequently went to work for a competitor in Georgia.   After the plaintiff brought suit in Georgia, the district court found that "old" Georgia law would invalidate the contract because Ohio law was contrary to Georgia public policy. The district court went on to permanently enjoin the defendant from attempting to enforce the agreement "in any court worldwide."[14]   After certifying the question to the Georgia Supreme Court, the Eleventh Circuit affirmed that Georgia public policy would invalidate the non-compete in Georgia.   However, the Eleventh Circuit held that the district court abused its discretion by not tailoring the injunction to Georgia.

Recognizing this Circuit's precedent in *Keener*, this Court tailored its injunction accordingly when it enjoined Defendants from enforcing the restrictive covenants in

---

[12] *Keener v. Convergys,* 342 F.3d 1264, 1269 (2003).

[13] *Id*. at. 1269, 1270.  Although the court recognizes that *Keener* involved a permanent injunction, the Court sees no reason why the same precedent of tailoring should not apply to a preliminary injunction. *See Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F. 3d 1297, 1310 (2005) (affirming that *Keener* is controlling in regards to injunctions, but not to declaratory judgments that have preclusive effect).

[14] *Id*. at 1269.

Georgia.[15]  Additionally, as both parties have conceded, and this Court found in its injunctive order, although the disputed covenants would be enforced in Georgia under the "old" law, they would be enforced in Florida, or at least be blue-penciled accordingly.[16] Therefore, despite the fact that there are significant facts in common in these cases, the Court finds that the potential of confusion and prejudice to the parties in applying two states' contradictory laws in the same case are outweighed by any claim of judicial efficiency or party convenience. Accordingly, to the extent Plaintiffs seek to enjoin the enforcement of the restrictive covenants in Georgia, Georgia law applies. Likewise, to the extent Plaintiffs seek to enjoin the enforcement of the restrictive covenants in Florida, Florida law applies. Therefore, the Court will not consolidate.

## CONCLUSION

For the aforementioned reasons, the Plaintiffs' Motion to Consolidate [Doc. 52] is **DENIED**.[17] The parties are further **DIRECTED** to notify the Court within **fourteen (14) days** of this Order on how they intend to proceed with their respective cases.

**SO ORDERED,** this 12th day of February, 2015.

<div style="margin-left: 40%;">

S/  C. Ashley Royal
C. ASHLEY ROYAL,
DISTRICT COURT JUDGE

</div>

JRF

---

[15] [Doc. 29] at 29.

[16] *See* Pl. Comp. [Doc. 1] at para. 26; Def. Br. on Consolidation [Doc 51] at 4; [Doc. 29] at 25.

[17] Plaintiffs assert that if the cases were consolidated that this Court would be precluded from applying Florida law under Georgia's conflicts of law analysis; however, since the Court denies consolidation, the Court need not address the merits of this argument.